Samuel M. Gold, J.
By separate motions the third-party defendants move for dismissal of the third-party complaint pursuant to subdivision 4 of rule 106 of the Eules of Civil Practice and in the alternative for dismissal pursuant to subdivision 4 of section 193-a of the Civil Practice Act without prejudice to the institution of a separate action, or in the alternative, pursuant to subdivision 4 of section 193-a, for an order directing a separate trial of the issues in respect of the third-party complaint.
In the main action the plaintiff has stated several causes of action alleging fraudulent conversion by the defendants in relation to the sale of 1,000 electric organs in that the defendants conspired to obtain money from the plaintiff through fraudulent *719 documents of title and delivery, by reason of which -plaintiff did part with a substantial sum of money and received delivery of none of the electric organs. By the third-party complaint defendant and third-party plaintiff Berger alleges that in fulfillment of the contract with the plaintiff and acting as an officer of the defendant International Organ Corp., he negotiated with Paul R. Brown, acting for himself and the defendant Paul R. Brown Co., Inc., for the purchase and delivery of 285 electric chord organs. It is then alleged that the third-party defendants conspired to defraud the third-party plaintiff. It is further alleged in the third-party complaint that the defendant and third-party plaintiff had never participated in any scheme, plan or conspiracy but relied upon the acts and representations of the third-party defendants in dealing with the plaintiff and 11 if the plaintiff is entitled to judgment, it is entitled to judgment solely against the third-party defendants because of their individual and combined fraud and deceit, since in fact said Abraham H. Berger did pay over the sum of $14,300.00 to receive the organs to complete the obligation of International Organ Corp. to the plaintiff and said funds were actually paid to Max Jakob, Ltd. for same.” Finally it is alleged that the affirmative and active participation of the third-party defendants in the plan and scheme caused any loss sustained by the plaintiff and judgment is demanded dismissing the complaint but in the event the plaintiff is entitled to judgment that such judgment should be rendered against the third-party defendants. Apart from the question of whether any damage is alleged in the third-party complaint, there is no request for the recovery of judgment thereon or for the recovery of judgment over. Thus there is in fact no complaint set out in compliance with the provisions of section 193-a pursuant to which the third-party action has been initiated. What is here attempted is solely to bring in additional defendants who may be liable to plaintiff and whom plaintiff has not elected to sue. Accordingly, the motion is granted dismissing the third-party complaint for legal insufficiency, with leave to amend within 20 days from service of a copy of this order with notice of entry.